IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| THOMAS NAGRONE, et al, | CV-07-04-M-DWM-RKS |
|---|---|
| Plaintiffs, | **FINDINGS & RECOMMENDATIONS** |
| vs. | |
| MICHAEL A. DAVIS and RIC ODEGARD, et al | |
| Defendants; and, | |
| TIDYMAN'S MANAGEMENT SERVICES, INC., | |
| as Nominal Plaintiff. | |

**SYNOPSIS**

The court lacks original jurisdiction.  It is appropriate to decline to exercise supplemental jurisdiction.  The court should dismiss without

-1-

prejudice to refiling in State Court.

**STATUS**

The complex history of this case is well known to the parties; it needs no detailed repetition. By order filed December 5, 2008, C.D. 202, all ERISA claims were settled. The Circuit Court of Appeals has ordered that ERISA does not preempt the remaining state law claims. C.D.247. The court now lacks original jurisdiction and could proceed if at all by exercising supplemental jurisdiction of the remaining claims. The Hon. Donald W. Molloy, District Judge, ordered the undersigned to allow the parties to show cause, if any, why the court should not decline to exercise supplemental jurisdiction, dismiss without prejudice and allow the matter to proceed in the appropriate state court. C.D. 251. In response to an order, C.D. 252, certain parties have submitted written position statements. C.D. 257, 258. Review of the statements shows that no further hearings are necessary.

**DISCUSSION**

The court now lacks original jurisdiction since ERISA is no longer part of the suit. Supplemental jurisdiction under 28 U.S.C. §1367 grants the court the power to exercise jurisdiction of claims so closely related to the one providing original jurisdiction that

they form part of the same case or controversy. 28 U.S.C. §1367(a). The court may decline to exercise that jurisdiction where, as here, the claim raises novel or complex issues of state law and the ground for original jurisdiction has been dismissed. 28 U.S.C. §1367(c)(1), (3).

The claim providing original jurisdiction has been dismissed by settlement. C.D. 202. The remaining issues involve state corporate law as the Circuit Court made clear in the portion of its opinion in this case discussing demand futility under Wash. Rev. Code §23B.07.400(2) and the Washington Supreme Court's recent decision In Re F5 Networks, 207 P. 3d 433 (Wash. 2009). C.D. 202, p. 5-6.

The parties do not disagree. However, they correctly remind the court that this was an original federal court filing and not a removed case. The case should not be remanded but simply dismissed without prejudice. The supplemental jurisdiction statute 28 U.S.C. §1367(d) directs that procedure and provides that a dismissal without prejudice tolls the statute of limitations for a period to allow refiling in State Court. The court should follow that procedure here.

-3-

**It is recommended**:

1.  The Court should decline to exercise jurisdiction under 28 U.S.C. 1367 (c)(1), (3), and,

2.  The Court should dismiss this cause without prejudice under 28 U.S.C. §1367(d).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 21st day of April, 2010.

<u>/s/ Keith Strong</u><br>
Keith Strong<br>
U.S. Magistrate Judge